UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STEPHANIE KACZMAREK and KAZZ EVENTS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CAUSE NO: 2:23-cv-172 ) |
| GGR FOOD SERVICE, INC., and FRANK RENDE, | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs, Stephanie Kaczmarek ("Kaczmarek") and Kazz Events, bring claims against Defendants, GGR Food Service, Inc. ("Defendant") and Frank Rende ("Rende")(collectively "Defendants"), and states as follows:

## OVERVIEW

1. This Complaint arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et. seq, under the Fair Labor Standards Act, 29 U.S.C. §201 et. Seq. ("FLSA"), under the Indiana Wage Payment Statute ("IWPS"), I.C. §22-2-5-1 et. seq., breach of contract, and various equitable theories.

## PARTIES

2. Kaczmarek is an individual who, at all relevant times, worked in Hammond, Indiana. She was an employee as defined by 42 U.S.C. §2000e(f). She was employed by Defendant within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Kaczmarek was an individual employee within

1

the meaning of the FLSA, 29 U.S.C. § 203(e)(1). Moreover, she was an employee as defined by I.C. §22-2-2-3 and the IWPS.

3. Defendant is located in Lake County, Indiana. The company is an 'employer' as defined by 42 U.S.C. §2000e(b). and the IWPS. Company is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r). Alternatively, Plaintiff's work regularly involved commerce between states. Moreover, Defendant is an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 I.C. §22-2-2-3, employing two or more employees at all times relevant to the events described in this Complaint. Defendant has been an enterprise engaged in commerce or in the production or services of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1). Defendant's business is located in Hammond, Indiana.

4. Rende is an owner of Defendant. In this capacity Rende is involved in or has oversight for the day-to-day operations of Defendant. Rende has the authority to make decisions regarding wage and hour issues policies and practices. At all relevant times, Rende shared responsibility to act on behalf of, and in the interest of, Defendant in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Kaczmarek. As a result, Rende is an "employer" within the meaning of 29 U.S.C. § 203(d).

## JURISDICTION

5. This Court has jurisdiction over Defendant pursuant to U.S.C. §2000e-5(f)(3), 29 U.S.C. §216(b), 28 U.S.C. §1367, and 28 U.S.C. §1331.

6. Kaczmarek timely filed a charge with the U.S. Equal Employment Opportunity Commission. Thereafter, she received a dismissal and notice of suit rights and filed the instant matter within ninety (90) days of receiving said dismissal.

2

**VENUE**

7. Venue is appropriate in the Northern District of Indiana pursuant to 28 U.S.C. § 1391 as all the events arose in the Northern District of Indiana in Lake County, Indiana.

**FACTS**

8. Kaczmarek began her employment with Defendant in January 2021. She was employed as the Front of House Manager and Event Coordinator.

9. Frank Rende is one of three owners of Defendant. He is directly involved in day-to-day management of the restaurant.

10. For her regular hours worked as a Front of House Manager, Kaczmarek was paid $12.00 per hour.

11. With respect to banquets, Rende agreed to pay Kaczmarek and Kazz Events twenty-five percent (25%) of the profit for each of the events that she booked and were held at the restaurant. Rende required her to set up her own company, Kazz Events, to book these events.

12. Additionally, if Kaczmarek worked these events as a server or otherwise, she would receive additional consideration for these efforts including tip sharing.

13. Finally, in the event that the restaurant was unable to provide for all of the materials (e.g. food, tables, chairs, or other accessories) for any event, Kaczmarek or Kazz Events would purchase those items with the understanding that Defendant would pay her back.

14. Kaczmarek, in fact, booked events for which remuneration was paid to Defendant. Moreover, Kaczmarek and/or Kazz Events paid money out of pocket to fund one or more of the events that were held.

15. Defendant and/or Rende have failed to pay Kaczmarek or Kazz Events all of the agreed upon banquet fees for the events she organized, managed, and were paid in full by clients.

15. Defendant and/or Rende have failed to reimburse Kaczmarek for all of the out-of-pocket expenses she or her company, Kazz events, incurred on behalf of Defendant. This includes expenses related to Kaczmarek's cell phone that Rende required her to use for company business.

16. Defendant was paid for the events booked by Kaczmarek and/or Kazz Events.

17. Employees witnessed Rende alter time cards. Upon information and belief, Rende modified Kaczmarek's time cards to reduce the hours she would be paid for.

18. Rende would call Kaczmarek during non-work hours to discuss restaurant business. Moreover, he would insist Kaczmarek join him for meals to discuss work as well. Kaczmarek was not compensated for this time.

19. As a result of Rende altering Kaczmarek's time card and not paying her for time he engaged her to work outside of her scheduled hours, Kaczmarek was not paid at least one and one-half times her regular rate of pay for hours she worked in any given week in excess of forty (40).

20. Defendant and/or Rende have failed to pay Kaczmarek and/or Kazz Events all wages, commissions, and other compensation she is owed. Moreover, Defendant and/or Rende have failed to reimburse Plaintiffs for expenses they incurred on Defendant's/Rende's behalf.

21. Defendant does not have a sexual harassment policy.

22. Throughout her employment, Rende harassed Kaczmarek and other female employees because of their gender, female.

23. Rende would routinely refer to female employees as "bitch" or "cunt." He would refer to himself as the "big dick in charge." He would openly talk about wanting to have sex with female employees, and he would, without request or provocation, share personal stories about his sex life. Rende told Kaczmarek that he 'loved her.'

24. Kaczmarek rejected Rende's advances. Nevertheless, Rende would set up business meals and discuss business matters in addition to discuss his private life and interests with Kaczmarek.

25. Rende also commented that he "used to pull a ton of pussy" and wondered aloud, "why can't I get my dick sucked."

26. Shortly thereafter, Kaczmarek resigned her employment.

27. Kaczmarek and/or Kazz Events has suffered harm as a result of Defendants' conduct.

## LEGAL COUNTS

### COUNT 1: SEXUAL HARASSMENT

28. Kaczmarek incorporates paragraphs 1 – 27 herein.

29. Plaintiff was subjected to a subjectively and objectively hostile work environment because of her sex, female, by Defendant's owner, Frank Rende.

30. The harassment altered the terms, privileges, and conditions of Plaintiff's employment. Kaczmarek was constructively discharged.

31. Kaczmarek was harmed by Defendant's unlawful willful and/or reckless conduct.

### COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

32. Kaczmarek incorporates paragraphs 1 – 31 herein.

33. During the relevant time period, Defendants violated the provisions of 29 U.S.C. §206 and §207 by failing to comply with the overtime wage requirements of the FLSA.

34. Kaczmarek was not paid at least time and one-half her regular rate for hours she worked in excess of forty (40) hours per week.

35. Defendants do not have a good faith or reasonable basis to believe it acted in accordance with the requirements of the FLSA.

36. Kaczmarek was harmed by Defendants' unlawful willful and/or reckless conduct.

## COUNT III: VIOLATION OF THE INDIANA WAGE PAYMENT STATUTE

37. Kaczmarek incorporates paragraphs 1 – 36 herein.

38. Kaczmarek worked and reported hours for which she was never paid.

39. Defendants did not timely pay Kaczmarek for all hours worked and do not have a good faith basis to have not paid her.

40. Kaczmarek has been harmed by Defendant's actions.

## COUNT IV: BREACH OF CONTRACT

41. Kaczmarek and Kazz Events incorporate paragraphs 1 – 40 herein.

42. Plaintiffs entered into a contract with Defendants whereby Plaintiffs would contract for, manage, and provide banquet and event services on behalf of Defendants.

43. Plaintiffs fulfilled their obligations under this contract. Plaintiffs booked events, collected money, and managed and ran the events, including incurring expenses, when necessary, to properly host the events.

44. Plaintiffs turned that money over to Defendants.

45. Defendants breached the agreement by failing to pay Plaintiffs all moneys owed and by failing to reimburse Plaintiff for expenses incurred related to the booked events, including, but not limited to, the cost of her cell phone service.

46. Plaintiffs have been financially harmed by Defendant's breach.

## COUNT V: UNJUST ENRICHMENT

47. Kaczmarek and Kazz Events incorporate paragraphs 1 – 46 herein.

48. Kaczmarek and Kazz Events conferred upon Defendants the benefit of hosting banquets and events at the restaurant. Defendants requested that Kaczmarek set up Kazz Events and for her and/or Kazz Events to manage banquets and events on behalf of Defendants.

49. Plaintiffs expected to be paid the 25% agreed upon between the parties and reimbursement of all expenses incurred by them when hosting or managing banquets and events.

50. Permitting Defendant to retain the full payment of the event or to avoid paying Plaintiffs for expenses incurred without restitution would be unjust.

51. Plaintiffs have been harmed by Defendant's conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests this Court to find in her/its favor and award her/it the following relief:

a. An Order awarding Plaintiff unpaid income, lost wages, unpaid wages, overtime wages, commissions, and other damages, including compensatory damages and unpaid advanced and related expenses, as provided for by federal and state law;

b. An Order awarding Plaintiff punitive and/or liquidated damages as provided for by federal or state law;

c. An Order awarding Plaintiffs the costs of this action;

  d.  An Order awarding Plaintiffs her/its attorney's fees;

  e.  An Order granting such other and further relief as may be necessary and appropriate.

            Respectfully submitted,

            s/ Christopher S. Wolcott
            Christopher S. Wolcott (#23259-32)
            The Wolcott Law Firm LLC
            450 East 96th Street, Ste 500
            Indianapolis, IN  46240
            Tel: (317) 500-0700
            Fax: (317) 732-1196
            E-Mail:  indy2buck@hotmail.com

            Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

            Respectfully submitted,

            /s/ Christopher S. Wolcott
            Christopher S. Wolcott (#23259-32)
            The Wolcott Law Firm LLC
            450 East 96th Street, Ste 500
            Indianapolis, IN  46240
            Tel: (317) 500-0700
            Fax: (317) 732-1196
            E-Mail:  indy2buck@hotmail.com

            Attorney for Plaintiff